# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CARL BARGSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:** |
| | ) |
| **INTERSTATE BATTERIES, INC., and DISTRIBUTOR OPERATIONS, INC.,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## VERIFIED COMPLAINT

**COMES NOW** Plaintiff, **CARL BARGSLEY**, by and through his undersigned attorney, **HERBIE BREWER,** and for his Complaint, states:

## PARTIES

1. Plaintiff is over the age of nineteen (19), a citizen and resident of Jefferson County, Alabama and was employed with Defendants in various locations, the most recent being Birmingham, Jefferson County, Alabama at all times relevant to this Complaint.

2. Defendant, Interstate Batteries, Inc. is a Foreign Corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Texas, and doing business as a Foreign Corporation in the State of Alabama at all times relevant to this Complaint, with its registered agent, CT Corporation System in Alabama at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

3. Defendant is a corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas, and doing business as a Foreign Corporation in the State of Alabama at all times relevant to this Complaint, with its registered agent, CT Corporation System in Alabama at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

*Bargsley v. Interstate Batteries and Distributor Operations*
*Complaint*
*Page 2*

## JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. §§ 1981a, 2000e to 2000e-17), and any and all other federal laws prohibiting age discrimination.

5. This action also arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 ("ADEA"), and any and all other federal laws prohibiting illegal age discrimination.

6. This action also contains claims that arise under the law of the State of Alabama.

7. This Court has original jurisdiction over the Title VII claims pursuant to 42 U.S.C. § 2000e-5(f)(3) and the ADEA claims pursuant to 29 U.S.C. § 626. The jurisdiction of this Court is proper under 42 U.S.C. § 1331 (federal question), 42 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental state law claims).

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about October 30, 2019, complaining of the acts of age discrimination as alleged herein.

9. On or about November 19, 2019, the EEOC issued a notice information Plaintiff of his right to sue Defendant. (*See* Exhibit A.)

10. Plaintiff has complied fully with all prerequisites of jurisdiction in this Court.

11. Venue is proper because the allegations arose in Jefferson County, Alabama, while Plaintiff was employed with Defendant. Jefferson County is in the Northern District.

## FACTS

12. Plaintiff is a Caucasian man who was born in 1961, and as of the date of his termination by Defendant, was fifty-eight (58) years old. At the time of the events made the basis of this Complaint, Plaintiff was a member of a group protected by Title VII, and was forty (40) years of age or older and a member of the group protected by the ADEA.

13. Plaintiff worked for Defendants, Interstate and Distributor Operations, Inc. from on or about 1990, until May 24, 2019, in many capacities but his last position was as a General Manager.

14. Plaintiff was discharged from his position for allegedly signing off on a falsified time card that was not false. Plaintiff was accused of several wrongdoings by the much younger newly hired Regional Manager, Erin Donner and her Human Resource Director, Jeremy Shipe. Plaintiff avers these accusations were unfounded and there were no discrepancies found in Plaintiff's operations, but the Plaintiff alleges that Interstate and/or Distributor Operations through their Regional Manager, Erin Donner continued to manufacture and/or seek any reason to terminate his employment without a severance package in order to replace Plaintiff with younger employees that would be paid less wages. This practice was reported over and over with several different older employees being replaced by Donner with younger employees earning a lessor wage.

15. Interstate and Distributor Operations violated Plaintiff's right to due process.

16. Interstate and Distributor Operations violated Plaintiff's right to a grievance process by firing Plaintiff with no warnings and not following the Interstate and Distributor Operations' own process.

17. To Plaintiff's knowledge, Plaintiff has never received any reprimands for workplace behavior in the nineteen (19) years Plaintiff worked for Interstate and/or Distributor Operations, and Plaintiff avers he did not violate any law or company policy leading to his termination. Plaintiff's termination was based on

false reasons used to ultimately discriminate against him in order to replace him with younger employees making a lessor wage.

19. Plaintiff was terminated from his employment with Defendants because of his age.

18. Plaintiff's termination of employment was an adverse employment action.

19. Plaintiff was terminated from his employment with Defendants because of his age.

20. On or about March October 30, 2019, Plaintiff submitted a Charge of Discrimination to the EEOC.

21. On November 19, 2019, the EEOC provided Plaintiff with his Notice of Right to Sue.

## FIRST CLAIM FOR RELIEF

22. Plaintiff adopts and asserts each and every allegation in the preceding paragraphs as if fully set forth herein.

23. Defendants Interstate and Distributor Operations have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his age in violation of Title VII.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief. As a result of the acts of discrimination, Plaintiff suffered economic harm, emotional harm and harm to his reputation.

25. Defendants' acts of discrimination were performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

## SECOND CLAIM FOR RELIEF

26. Plaintiff adopts and asserts each and every allegation in the preceding paragraphs as if fully set forth herein.

27. Defendants retaliated against Plaintiff on the basis of his previous protected activity in violation of Title VII.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief. As a result of the acts of retaliation, Plaintiff suffered economic harm, emotional harm and harm to his reputation.

29. Defendants' acts of retaliation were performed with malice, willfulness, and reckless indifference to Plaintiffs protected civil rights.

### THIRD CLAIM FOR RELIEF

30. Plaintiff adopts each and every allegation in the preceding paragraph as if fully set forth herein.

31. Defendants discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his age in violation of the ADEA.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief. As a result of the acts of discrimination, Plaintiff suffered economic harm, emotional harm and harm to his reputation.

33. Defendants' acts of discrimination were performed with malice, willfulness, and reckless indifference to Plaintiff's protected rights.

### FOURTH CLAIM FOR RELIEF

34. Plaintiff adopts and asserts each and every allegation in the preceding paragraphs as if fully set forth herein.

35. Defendants' conduct in this case toward Plaintiff was extreme and outrageous conduct, in that it was beyond all possible bounds of decency and atrocious and utterly intolerable in a civilized society, and has caused Plaintiff

*Bargsley v. Interstate Batteries and Distributor Operations*
*Complaint*
*Page 6*

emotional distress so severe that no reasonable person could be expected to endure it.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court award reinstatement of Plaintiff's employment, with all benefits and privileges, including, but not limited to, wages, benefits, training and seniority; injunctive and declaratory relief, including, but not limited to, enjoining Defendants from discriminating against Plaintiff in any manner that violates applicable law; back pay; front pay; damages; costs; liquidated damages; punitive damages; attorney's fees; court costs; and such other, further, and general relief as the interests of justice may require.

Respectfully submitted this the 13th day of February, 2020.

_____
**CARL BARGSLEY**

**STATE OF ALABAMA**    )

**WALKER COUNTY**    )

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared **CARL BARGSLEY** before me and by me first duly sworn, deposes and says that he has read the above and foregoing document and that the facts and averments contained therein are true and correct.

_____
**Notary Public**

MCE: 1-27-2023

*Bargsley v. Interstate Batteries and Distributor Operations*
*Complaint*
*Page 7*

/s/ *Herbie Brewer*
**HERBIE BREWER (BRE019)**
**Attorney for Plaintiff**
herbiebrewer@bellsouth.net
asb-8713-b55h
**301 North Walston Bridge Road**
**Suite 102**
**Jasper, Alabama 35504**
**(205) 384-1411**

## JURY DEMAND

/s/ *Herbie Brewer*
**HERBIE BREWER (BRE019)**

*Plaintiff demands a trial by struck jury.*

Please serve Defendants by Certified Mail at the following addresses:

Interstate Batteries of America, Inc.
c/o Registered Agent, CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Distributor Operations, Inc.
c/o Registered Agent, CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104